UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-251-3 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| MALCOLM COLLINS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Malcolm Collins ("Collins") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 630 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 637 ["Opp'n"]), and Collins has filed a reply. (Doc. No. 643 (styled "Traverse Reply to Government's Response in Opposition to Defendant's Motion to Vacate Under 28 U.S.C. [§] 2255" ["Reply"]).) In connection with his motion to vacate, Collins seeks the appointment of counsel. (Mot. at 4279[1].) For the reasons that follow, the Court determines that the appointment of counsel is not appropriate and that Collins is not entitled to relief under § 2255.

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

## I. BACKGROUND

Collins was one of twenty-one (21) individuals charged in a drug trafficking conspiracy that distributed fentanyl and fentanyl analogues throughout Cleveland between 2017 and 2018. (Doc. No. 510 (Final Presentence Investigation Report ["PSR"]) at 3535–39.) Specifically, the indictment, returned April 24, 2019, charged Collins with drug-related crimes, including conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and fentanyl analogues (Count 1); possession with intent to distribute heroin, fentanyl, and carfentanil (Count 5); and use of a communications facility to facilitate a felony drug offense (Count 12). (Doc. No. 13 (Indictment ["Ind."]).) Relevant to the present motion to vacate, Count 6 charged Collins with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (*Id*. at 290.) With respect to Count 6, the indictment specifically charged that Collins was in possession of a firearm and ammunition having been previously convicted of a 2004 felony drug trafficking crime. (*Id*.)

On October 18, 2019, pursuant to a plea agreement, Collins entered a plea of guilty to Counts 1, 5, and 6 of the indictment. (10/18/2019 Minutes of Proceedings; Doc. No. 368 (Report and Recommendation ("R&R") recommending acceptance of guilty pleas); Doc. No. 402 (Order Adopting R&R); Doc. No. 403 (Plea Agreement ["PA"]).) Pertinent to the felon in possession charge, the plea agreement contained the following stipulation:

> On or about April 3, 2019, in the Northern District of Ohio, Eastern Division, Defendant MALCOLM COLLINS, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, those [sic] being: Trafficking Drugs, Case Number CR-04-44820, in the Cuyahoga County Court of Common Pleas, on or about May 18, 2004, did knowingly possess in and affecting interstate commerce, a firearm, to wit Diamondback, Model DB380,

2

.380, serial number ZB1061, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

(PA ¶ 25.) Collins signed the plea agreement and initialed each page. (*See generally id*.)

During the change of plea hearing on October 18, 2019, in which Collins appeared with his counsel, the magistrate judge conducted a standard colloquy with Collins in compliance with Rule 11 of the Federal Rules of Criminal Procedure. The magistrate judge reviewed with Collins the terms of the plea agreement and specifically addressed the constitutional rights Collins was forfeiting by entering guilty pleas, the charges to which he was pleading guilty, the statutory penalties associated with those charges, the application of the sentencing guidelines and possible enhancements, and the elements of the charged offenses. In response, Collins stated he understood and was prepared to enter a plea of guilty to Counts 1, 5, and 6. The magistrate judge also reviewed with Collins the statement of facts set forth in the plea agreement, including the facts relating to the felon in possession charge, and Collins indicated that he understood and that he was guilty of those offenses. (*See generally* Doc. No. 385 (Transcript from Change of Plea Hearing ["COP TR"]).) At the conclusion of the plea colloquy, the magistrate judge accepted Collins's plea, subject to approval by the Court, as having been made knowingly, intelligently, and voluntarily with the advice of counsel. (COP TR at 2108.) On November 27, 2019, the Court adopted the magistrate judge's R&R recommending that Collins' guilty plea be accepted. (*See* Doc. No. 402.) On February 11, 2020, the Court sentenced Collins to a term of imprisonment of 60 months for each count, with the terms to run concurrently. Collins was also sentenced to a term of supervised release of five years. (2/11/2019 Minutes of Proceedings; Doc. No. 532 (Judgement).)

Collins did not take a direct appeal. Instead, on November 30, 2020, Collins filed the

present § 2255 motion. Citing the Supreme Court's decision in *Rehaif v. United States*, --U.S.--, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019), Collins attacks his conviction under § 922(g)(1), insisting that he "was not aware that he could not own [or] possess a firearm and/or weapon." (Mot. at 4275, capitalization omitted).

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Collins insists that his § 922(g)(1) is deficient because the government failed to establish both prongs. (Mot. at 4276.)

Collins also challenges his felon in possession conviction on the grounds that the predicate offense was more than 10 years old, that the weapon was not in his physical possession, and that as a result of his conviction under § 922(g)(1), he is precluded from benefitting from the Residential Drug Abuse Program ("RDAP") and other rehabilitative credits and/or sentence reductions otherwise available in prison. (*Id*. at 4275.)

The government argues that Collins' claims are procedurally defaulted, barred by his plea agreement, and untimely. (Opp'n at 4304.) Because the Court finds that the present motion is barred—and the issues contained therein either procedurally defaulted or improperly raised in the context of a motion to vacate—the Court need not reach the issue of timeliness.

**II. STANDARD OF REVIEW**

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim

for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603–04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if

it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a petitioner challenges the validity of a plea, the representations of the petitioner, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id.*

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the

sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case, as the uncontradicted record conclusively shows that Collins is entitled to no relief. Additionally, because there is no constitutional right to the appointment of counsel on collateral review, *see Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), and because the interests of justice do not so require the appointment of counsel in this instance, the Court denies Collins' request for appointed counsel. *See* 18 U.S.C. § 3006A.

### III. COLLINS' CLAIMS UNDER § 922(G)(1) ARE PROCEDURALLY BARRED

As an initial matter, the Court finds that Collins' first three claims are procedurally defaulted because he failed to raise these issues on appeal. As previously observed, issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). Collins did not appeal his conviction and, thus, did not raise the objection on direct appeal that he lacked knowledge of his status as being in a category of individuals prohibited from owning or possessing a weapon. *See United States v. Wooden*,[2] 945 F.3d 498, 506 (6th Cir. 2019) (finding that raising this objection in petitioner's opening brief on

---

[2] As the Sixth Circuit in *Wooden* observed, while *Rehaif* was not issued until June 21, 2019, even well before then, the issue of whether knowledge of prohibited status was an element of being a felon in possession of a firearm charge "was at the forefront of the relevant legal landscape." *Wooden*, 945 F.3d at 506. In fact, this issue had been "percolating in the courts for years." *United States v. Bryant*, No. 11-cr-765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020). In the present case, Collins entered his guilty plea before the magistrate judge *after* the decision in *Rehaif* was announced, and he did not file any objections to the magistrate judge's recommendation that the Court accept his guilty plea. (Doc. No. 368.) Thereafter, on November 27, 2019, the Court accepted the recommendation (Doc. No. 402) and on February 11, 2020, imposed sentence (Doc. No. 532).

7

direct appeal would not have been futile and that the objection was not unavailable to the petitioner even though the decision in *Rehaif* was issued after petitioner appealed); *see also Bousley*, 523 U.S. at 622 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (internal quotation marks and citations omitted)). Collins also failed to challenge the age of the predicate offense for his § 922(g)(1) conviction or the evidence surrounding his possession at any time prior to bringing this collateral attack. Collins' first three claims, therefore, are procedurally defaulted.

A court may excuse a procedural default and consider a claim on its merits if a petitioner can demonstrate "cause to excuse his failure to appeal the issue and actual prejudice." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993) (citing *Frady*, 456 U.S. at 167–68). To satisfy the cause and prejudice standard, a defendant must "shoulder the burden of showing, not merely that the errors at trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage[.]" *Frady*, 456 U.S. at 170 (emphasis in original). An exception to the "cause and prejudice" requirement exists in the rare case when a defendant can make a threshold showing that he was "actually innocent," *Smith v. Murray*, 477 U.S. 527, 537, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)—that it was "more likely than not that no reasonable juror would have convicted him" had the jury been properly instructed and the parties been given the opportunity to present the relevant evidence. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); *see Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2003) (recognizing that instances where habeas defendants can demonstrate "actual innocence" represent "rare" and "extraordinary case[s]") (quotation marks and citation omitted). If a defendant cannot establish cause and prejudice, he cannot have his claim heard on collateral review unless he establishes

"actual innocence." *See Bousley*, 523 U.S. at 622. Collins offers no arguments relative to "cause and prejudice" for the default but attempts to overcome the procedural bar by arguing that he is actually innocent of the crime of felon in possession. In particular, he maintains that he was not "aware that his conviction over 10 years old precluded him from owning or possessing a weapon, firearm, or ammunition." (Mot. at 4276.)

Collins' claim of actual innocence is meritless. Here, Collins chose to plead guilty to the offense, relieving the government of its obligation to prove that he knew that he belonged to the relevant category of persons barred from possessing a firearm. (*See* COP TR at 2018.) "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989). Moreover, Collins stipulated to his prior felony conviction in the offense conduct section of the plea agreement and accepted "full responsibilt[y]" for his actions in connection with the preparation of the PSR. (PA ¶ 25; *see* PSR ¶ 40.); *see also United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."); *Malone v. United States*, 1:14-cr-438, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019) ("*Rehaif* is inapplicable to Petitioner because whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense.") Collins was advised of the consequences of his guilty plea by the Court and counsel and stated under oath that he understood his decision. The record reflects his guilty plea was knowing and voluntary. Having waived his right to hold the government to its burden of proof, he cannot complain the evidence against him would have been insufficient.

Further, Collins does not appear to claim he was unaware of his prior felony conviction, or that he was unaware that he possessed a firearm and ammunition. Rather, he states only that the government failed to prove these elements and specifically failed to prove that he knew that his 2004 conviction precluded him from owning or possessing weapons and ammunition.[3] (Mot. at 4276.) Even if true, Collins' knowledge of the ramifications of his felony conviction is irrelevant to his subsequent § 922(g) conviction. The law simply does not require that Collins knew his possession of a firearm and ammunition was unlawful. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he were unaware of this provision of the United States Code."); *Matthews v. United States*, No. 19-2091, 2020 WL 2614619 (6th Cir. Jan. 6, 2020) (government is not required to prove defendant knew he was prohibited from possessing firearms to obtain § 922(g) conviction after *Rehaif*).

### IV. PRISON CREDIT AND PROGRAMMING ELIGIBILITY NOT COGNIZABLE IN SECTION 2255

Collins also complains that his conviction under § 922(g)(1) has precluded him qualifying for the RDAP and has otherwise interfered with his ability to seek other credits against or reductions to his term of imprisonment. (Mot. at 4275.) It appears that Collins is merely explaining that his felon in possession conviction has had repercussions that extend to the manner in which his sentencing is being executed. But to the extent that he is challenging his

---

[3] To the extent Collins *is* claiming that he was unaware that he was a convicted felon, the argument is also without merit. The record is clear that before possessing the firearm and ammunition in 2019, Collins served approximately 7 months in state prison on his felony drug trafficking conviction in Cuyahoga County Court of Common Pleas Case No. CR-04-448820. (PSR ¶ 70.) Accordingly, a reasonable juror would likely find he was aware of his status as a felon and, thus, he would not have been able to make a threshold showing of actual innocence. Moreover, during the plea colloquy, Collins admitted that he was a convicted felon. (Doc. No. 385 at 2098.)

eligibility for certain prison programming or sentence reductions, 28 U.S.C. § 2255 provides him no relief. Because such challenges relate to the execution of a sentence, rather than the validity of the sentence, itself, they are not cognizable in a § 2255 motion. *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

The Attorney General, through the Bureau of Prisons ("BOP"), is vested with the authority of calculating any sentencing credits to which a federal defendant may be entitled. *United States v. Wilson,* 503 U.S. 329, 337, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992); *United States v. Westmoreland,* 974 F.2d 736, 737 (6th Cir. 1992). Additionally, the BOP has the sole discretion in determining an inmate's eligibility for a particular program. *United States v. Johnson*, 223 F.3d 665, 673 (7th Cir. 2000); *Thye v. United States*, 109 F.3d 127, 130 (2d Cir. 1996). Such BOP decisions may be challenged through a habeas petition under 28 U.S.C. § 2241, after an inmate has exhausted his administrative remedies. *Jalili*, 925 F.2d at 893–94; *see Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006) (inmates must exhaust administrative remedies before filing § 2241 habeas petition) (citations omitted); *see, e.g., House v. United States*, No. 4:04-cr-13, 2009 WL 1870858, at *1 (W.D. Ky. Jan. 25, 2009) (§ 2255 motion challenging eligibility for RDAP properly characterized as a habeas petition under § 2241). The Court, therefore, lacks the authority under 28 U.S.C. § 2255 to grant Collins relief on his fourth ground.[4]

---

[4] If the Court were to construe the fourth ground as raising a claim under 28 U.S.C. § 2241, it would still be denied for the reasons previous stated; namely, that Collins' conviction and sentence under 18 U.S.C. § 922(g)(1) remain valid and his only basis for challenging his eligibility is the continued validity of the § 922(g)(1) conviction.

## V. Collins' Claims are Barred by the Plea Agreement

Finally, Collins is precluded from bringing a motion to vacate as he waived the right in his plea agreement. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from doing so later. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. In this case, Collins' plea agreement contained a waiver provision that specifically provided that, except for limited exceptions not applicable here, he would not "challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 28 U.S.C. § 2255." (PA ¶ 20.) Collins does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly because Collins is not attacking the validity of the agreement (or the plea, itself), and because he expressly waived the right to collaterally attack his conviction except for claims not relevant to the present motion, his claims are barred by the knowing and voluntary waiver contained in the binding plea agreement. *See Davila*, 258 F.3d at 451.

For this additional reason, Collins is not entitled to relief under 28 U.S.C. § 2255.

## VI. Conclusion

For the foregoing reasons, the motion of defendant Malcolm Collins to vacate, set aside, or correct his sentence (Doc. No. 630) is DENIED, and this case is dismissed. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be

taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 7, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**